UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
                                                                           )
ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY &              )
CASUALTY INSURANCE COMPANY, ALLSTATE FIRE &                  )
CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY               )      15-cv-7149
COMPANY AND ALLSTATE NORTHBROOK INDEMNITY                    )      (SJ) (CLP)
COMPANY,                                                     )
                                                                           )
                                    PLAINTIFFS,              )
                                                                           )
                      -AGAINST-                              )
                                                                           )
HARVEY FAMILY CHIROPRACTIC, PHYSICAL THERAPY &               )
ACUPUNCTURE, PLLC, RICHARD HARVEY, D.C., JIN HWANGBO,        )
L.Ac., and BERVIN NELSON BRUAL, P.T.                         )
                                                                           )
                                    DEFENDANTS.              )
------------------------------------------------------------------------- X

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION PURSUANT TO
RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND 28 U.S. Code § 2283 SEEKING A
TEMPORARY RESTRAINING ORDER AND ORDER TEMPORARILY STAYING ALL NO-FAULT
COLLECTION PROCEEDINGS CURRENTLY PENDING BETWEEN HARVEY FAMILY CHIROPRACTIC,
PHYSICAL THERAPY & ACUPUNCTURE, PLLC AND PLAINTIFFS

STERN & MONTANA, LLP
ATTORNEYS FOR PLAINTIFFS
ONE WORLD FINANCIAL CENTER, 30TH FLOOR
NEW YORK, NEW YORK 10281
TELEPHONE: (212) 532-8100

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES............................................................................................ii

INTRODUCTION .......................................................................................................... 1

PRELIMINARY STATEMENT..................................................................................... 1

ARGUMENT .................................................................................................................. 3

I.      Plaintiffs Were Not Required to Demonstrate Irreparable Harm
        and Instead Set Forth Sufficiently Serious Questions Going to the
        Merits to Make Them Fair Ground for Litigation ............................................... 5

II.     Plaintiffs Will Suffer Immediate Irreparable Harm in the Absence
        of Preliminary Injunction Because the Complaint Seeks Equitable Relief ........... 6

II.     The Balance of Hardships Tips Decidedly in Allstate's Favor. ........................... 7

II.     The Issuance of a Stay Would Not Violate the FAA ........................................... 8

CONCLUSION............................................................................................................... 9

i

# **TABLE OF AUTHORITIES**

**Cases**

*Alan Skop, Inc. v. Benjamin Moore, Inc.*,
909 F.2d 59 (2d Cir.1990) ............................................................................. 5

*Dandong v. Pinnacle Performance Ltd.*,
2011 WL 6156743 (S.D.N.Y. Dec. 12. 2011) ............................................... 5

*Government Employees Ins. Co. v. Grand Med. Supply, Inc.*,
No. 11 Civ. 5339, 2012 WL 2577577 .......................................................... 9

*Allstate Ins. Co. v. Elzanaty*,
929 F. Supp. 2d 199 (E.D.N.Y. 2013) .................................................. *passim*

*Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C.*,
No. 05-5934 DRH MLO, 2009 WL 3245388 (E.D.N.Y. Sept. 30, 2009) .................. 4

*Castrol, Inc. v. Quaker State Corp.*,
977 F.2d 57 (2d Cir. 1992) ........................................................................... 5

*Gov't Employees Ins. Co. v. AMD Chiropractic, P.C.*,
No. 12-CV-4295 NG JO, 2013 WL 5131057 (E.D.N.Y. Sept. 12, 2013) ................. 4

*Green v. Mansour*,
474 U.S. 64 (1985) ....................................................................................... 6

*Liberty Mut. Ins. Co. v. Excel Imaging, P.C*
879 F Supp. 2d 243, 264 (E.D.N.Y. 2012) ................................................... 7

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Doe*,
868 F. Supp. 532 (S.D.N.Y. 1994) ............................................................... 6

*Nexray Med. Imaging PC v. Allstate Ins. Co.*,
39 Misc. 3d 1237(A), 972 N.Y.S.2d 144 (Dist. Ct. 2013) ............................ 4

*State Farm Mut. Auto. Ins. Co. v. Mallela*,
4 N.Y.3d 313 (2005) .................................................................................... 3

**Statutes**

11 N.Y.C.R.R. § 65-3.16(a)(12) ......................................................................... 3

11 N.Y.C.R.R. 65 3.9(a), ............................................................................... 2, 7

Fed.R.Civ.P. 65 and 28 U.S. Code § 2283 ......................................................................... 1

All Writs Act, 28 U.S. Code § 1651 .......................................................................... 3, 8, 9

## INTRODUCTION

Plaintiffs respectfully submit this Reply Memorandum in further support of their Motion (pursuant to Fed. R. Civ. P. 65 and 28 U.S. Code § 2283 seeking a Preliminary Injunction enjoining Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC ("Harvey FCPTA") from: (i) proceeding with No-fault collection actions pending in the New York City Civil Courts between Harvey FCPTA and Allstate until the resolution of the instant matter; and (ii) filing new arbitration proceedings or civil actions seeking collection of No-fault benefits from Allstate until the resolution of the instant matter.

## PRELIMINARY STATEMENT

Defendants' Opposition to Plaintiffs' Motion ("Def. Opp.") sets forth four arguments, all of which are off-base. First, Defendants, take issue with this Court's authority to rule on that portion of Plaintiffs' motion which seeks to stay No-fault arbitrations[1], claiming that it is "well-settled" that the Federal Arbitration Act ("FAA") prohibits a district court from doing so. As a threshold matter, all currently pending matters which are the subject of this Motion were filed by Defendants in court, and not arbitration. Thus, Defendants have waived their right to arbitrate those matters and the FAA is not implicated. With respect to future arbitrations, the Second Circuit has expressly provided that, in certain circumstances, a district court *may* stay arbitrations pursuant to the All Writs Act, 28 U.S. Code § 1651,[2] and not run afoul of the FAA, a proposition which has been followed numerous times in this District, including by this Court, to stay future No-fault arbitrations.

---

[1] Defendants take no issue with this Court's authority to stay pending Civil Court cases, and for the reasons set forth in Plaintiffs' moving papers (at pp. 14-16), the Court has the authority to stay such cases pursuant to the Anti-Injunction Act, 22 U.S.C. § 2283 and the RICO Act, 18 U.S.C. 1961, *et seq.* Thus, because Defendants solely take issue with only the Court's authority to issue a stay of arbitrations, this reply is limited to addressing that issue.

[2] The All Writs Act allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Second, Defendants dedicate an entire section to arguing that Plaintiffs' Motion does not establish a likelihood of success on the merits as required to satisfy the first element for the issuance of a preliminary injunction. However, no such showing is required or was asserted by Plaintiffs, as Plaintiffs instead asserted that an injunction is appropriate here because there are sufficiently serious questions going to the merits of this matter to make them fair grounds for litigation. In that regard, given that in the Second Circuit conflicting stories between parties can establish such sufficiently serious questions, and given that Defendants, in their Opposition, offer a conflicting story to the allegations set forth in the Complaint, Plaintiffs have certainly satisfied their burden with respect to this element.

Third, Defendants argue that Plaintiffs cannot show irreparable harm because Plaintiffs' losses can be remedied by monetary damages. Such an assertion demonstrates an abject failure on Defendants' part to read and/or understand the Complaint, which plainly seeks a declaratory judgment. In that regard, the United States Supreme Court has held declaratory judgment to be a form of equitable relief, and it therefore could not be redressed by monetary damages. Accordingly, irreparable harm is inherent in Plaintiffs' claim for equitable relief and has manifestly been demonstrated.

Fourth and finally, Defendants assert that the balance of hardship tips in their favor because they will be required to wait until this matter is resolved in order to have their pending matters heard. However, as set forth in Plaintiffs' Memorandum, if a stay is issued and Defendants ultimately prevail here, they will be well compensated (and Plaintiffs punished) for any resulting delay by the imposition of statutory interest on the related matters, pursuant to 11 N.Y.C.R.R. 65 3.9(a), which mandates the award of interest at a rate of *twenty-four percent* (24%) yearly return on the outstanding principle of their successful claims. When weighed against the time and expense which Plaintiffs would need to expend in litigating each of the individual claims, and the

2

concurrent risk to their declaratory judgment claim, the balance of equities tips decidedly and overwhelmingly in favor of Plaintiffs. This is especially true because it would be fundamentally unfair to Plaintiffs to allow Harvey FCPTA to seek No-fault payments from Plaintiffs in other proceedings, when the central issue concerning their eligibility to be paid in the first place is at issue in this action. Accordingly, it is respectfully submitted that for the reasons set forth herein and in Plaintiffs' Memorandum of Law filed in support of the Motion ("Pl. Mem."), Plaintiffs' application for a Preliminary Injunction and stay must be granted.

## ARGUMENT

As a threshold matter, although not relevant to the instant Motion, Plaintiffs briefly address Defendants' false notion that since Harvey FCPTA filed required licensing documents with the State of New York, they "were not hiding anything," and Plaintiffs' claims are therefore unfounded. Def. Opp. at ¶¶ 5 and 8-12. In making such a claim, Defendants completely disregard the Court of Appeals' holding in *State Farm Mut. Auto. Ins. Co. v. Mallela*, 4 N.Y.3d  313N.Y.S. (2005),wherein the Court unanimously held that fraudulently incorporated entities were "not entitled to reimbursement," relying upon an Insurance Department regulation requiring all health care "providers" to be in compliance with licensing requirements to be eligible for No fault reimbursement. *Id.* at 319; 11 N.Y.C.R.R. § 65-3.16(a)(12). Moreover, in ruling that (1) such entities are not entitled to reimbursement and (2) that insurers state valid claims against them grounded in fraud and unjust enrichment to recoup money paid after April 4, 2002, the effective date of the amended regulation, the Court of Appeals specifically noted that insurance carriers may "look beyond the face of licensing documents to identify willful and material failure to abide by state and local law." *Mallela*, 4 N.Y. 3d at 319-21. Since *Mallela*, federal and state courts alike have uniformly recognized an insurer's right to verify a healthcare provider's compliance with applicable licensing requirements of New York State to determine eligibility for reimbursement of

3

benefits under the No-fault law.   *See e.g., Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C.,* No. 05-5934 DRH MLO, 2009 WL 3245388, at *9 (E.D.N.Y. Sept. 30, 2009) (noting that *Mallela* established that an insurer could inquire into a provider's fraudulent incorporation and management and refuse to pay on said basis); *Allstate Ins. Co. v. Elzanaty,* 916 F. Supp. 2d 273, 297 (E.D.N.Y. 2013) motion to certify appeal granted, 11-CV-3862 ADS ARL, 2013 WL 2154759 (E.D.N.Y. May 16, 2013);  *Gov't Employees Ins. Co. v. AMD Chiropractic, P.C.,* No. 12-CV-4295 NG JO, 2013 WL 5131057, at *2 (E.D.N.Y. Sept. 12, 2013) (finding that healthcare service providers are ineligible to receive no-fault benefits if they violate any applicable New York State or local licensing requirement necessary to perform [healthcare services] in New York); *Nexray Med. Imaging PC v. Allstate Ins. Co.,* 39 Misc. 3d 1237(A), 972 N.Y.S.2d 144 (Dist. Ct. 2013) (noting that in *Mallela,* the Court of Appeals held that a "fraudulently incorporated" medical provider is not entitled to reimbursement under no-fault law for services rendered to no-fault claimants, and this holds true even when the services were properly rendered by a licensed medical practitioner.

Thus, while the licensing documents, under which Defendants seek to hide, may purport to show on their face legitimate ownership of Harvey  FCPTA, the evidence uncovered by Plaintiffs, prior to any discovery in this action and beyond the face of those documents, including the testimony of Harvey FCPTA's purported owners during an Examination Under Oath ("EUO") in *In the Matter of the Claim of Dr. Richard G. Harvey/Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC, et al.*, tell a different tale.  Indeed, Defendants Bervin Nelson Brual and Jin Hwangbo admitted in their respective EUOs that they are not the true beneficial owners of Harvey FCPTA. *See* Pl. Mem. at pp. 12-13. Thus, Defendants' contention that Harvey FCPTA's filing of licensing documents, which on their face may appear legitimate, precludes

4

Plaintiffs' claims is contrary to controlling law and, at any event, does nothing to address the merits of Plaintiffs' motion for preliminary injunction.

Turning to the substance of this Motion, there is no dispute as to the standard to be applied: a movant is entitled to a preliminary injunction upon the showing of three elements: (1) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them fair ground for litigation, (2) a balancing of the hardships tipping decidedly toward the applicant; and (3) irreparable harm. *See Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57, 62 (2d Cir. 1992). However, while Defendants were able to sufficiently identify that standard in their Opposition, they woefully failed in its application.

**I.    Plaintiffs Were Not Required to Demonstrate Irreparable Harm and Instead Set Forth Sufficiently Serious Questions Going to the Merits to Make Them Fair Ground for Litigation**

With respect to the first element which must be established, although Defendants' Opposition dedicates an entire section (Point I) to arguing that Plaintiffs' Motion did not establish a likelihood of success on the merits, such a showing was not required because Plaintiffs instead asserted that there were sufficiently serious questions going to the merits of this matter to make them fair ground for litigation.[3] Defendants' motivation for applying the wrong standard is clear: in the Second Circuit, it is well settled that conflicting stories between parties, as is present here, can establish a sufficiently serious question going to the merits for the purposes of justifying a preliminary injunction. *See e.g. Alan Skop, Inc. v. Benjamin Moore, Inc.,* 909 F.2d 59, 61 (2d Cir.1990) (confirming that in the Second Circuit, conflicting stories between parties can establish a sufficiently serious question going to the merits for purposes of justifying a preliminary injunction); *Dandong v. Pinnacle Performance Ltd.*, 2011 WL 6156743 (S.D.N.Y. Dec. 12. 2011)

---

[3] Notwithstanding the standard Plaintiffs utilized upon this Motion, it is respectfully submitted that the record put before the Court also establishes a likelihood of success on the merit.

(same).  At bar, Defendants' Opposition set forth purported facts which directly conflict with those alleged in the Compliant (Def. Opp. at ¶¶ 5, 8-13), and they maintain that "Plaintiff(s)' allegations against the Defendant(s) are categorically false." Those denials, in and of themselves, are adequate for a finding that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, thus satisfying the first element necessary for the issuance of a preliminary injunction.

## II.    Plaintiffs Will Suffer Immediate Irreparable Harm in the Absence of Preliminary Injunction Because the Complaint Seeks Equitable Relief

Defendants also assert that Plaintiffs cannot show irreparable harm because Plaintiffs' "losses can be remedied by monetary damages." (Def. Opp. at ¶ 3). Such assertion is entirely misplaced, and ignores that, the Complaint, Plaintiffs seek equitable relief in the form of a final declaratory judgment. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Doe*, 868 F. Supp. 532, 535 (S.D.N.Y. 1994) (finding that the ability of the Court to issue a final declaratory judgment under 28 U.S.C. § 2201 is equitable); *see also Green v. Mansour*, 474 U.S. 64, 72 (1985) (finding that the propriety of issuing a declaratory judgment may depend upon equitable considerations (citations omitted).  By its very nature, a claim for equitable relief is incapable of being reduced to monetary damages.  As noted in Plaintiffs' Memorandum of Law, if the requested injunction is not granted and the Underlying Actions were allowed to proceed, it would severely threaten any judgment of this Court if such actions result in inconsistent rulings with regard to Harvey FCPTA's eligibility for reimbursement of No-fault insurance payment. That threat, which could ultimately interfere with Plaintiffs' right or ability to seek and be awarded a declaratory judgment by this Court, clearly meets the threshold for irreparable harm. As noted in *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 220 (E.D.N.Y. 2013))::

> "[i]f this Court were to grant a declaratory judgment finding [defendant medical professional corporations] ineligible for reimbursement, it may be

that an award won by the defendants in arbitration would conflict with this Court's ruling and may not be enforceable. With this in mind, it cannot be said that the only injuries at stake here are "money, time and energy necessarily expended in the absence of a stay", which are not considered "irreparable."

Thus, while Defendants seek to water down the holding of *Elzanaty* by arguing that it is distinguishable on various procedural grounds, the simple fact is that in *Elzanaty*, the court stayed pending and future underlying matters because the Court found that if it did not do so, Plaintiffs would suffer irreparable harm due to the potential of decisions in those cases conflicting with the Court's ultimate finding. The same holds true here. It is of no consequence that in *Elzanaty*, the stay was issued at a later procedural posture in the case, or that underlying matters had been asserted by the defendants as counterclaims. Irrespective of the foregoing, the core issue decided, and a primary consideration that led to the granting of the preliminary injunction in *Elzanaty* was the threat of conflicting decisions, a threat that is not any less real here than it was in *Elzanaty*. *See also Liberty Mut. Ins. Co. v. Excel Imaging, P.C.* (staying pending matters because "[p]ermitting these individual claims to proceed to arbitration while [a related] claim for a declaratory judgment remains pending in this court puts the plaintiffs at significant risk of multiple judgments that may be inconsistent with the ultimate decision in this case." 879 F Supp. 2d 243, 264 (E.D.N.Y. 2012). Accordingly, Plaintiffs have demonstrated irreparable harm and their Motion should be granted.

## III.     The Balance of Hardships Tips Decidedly in Allstate's Favor

Defendants maintain the balance of hardships tips in their favor, arguing that they will have to wait until this matter is concluded in order to have their pending civil court matters heard. Far from a hardship, if Plaintiffs prevail in this case, all of the related matters will become moot. And if Defendants prevail here, and ultimately prevail on the related matters, they will benefit from the language of 11 N.Y.C.R.R. 65 3.9(a), which mandates the award of interest of two percent (2%)

*every month* No-fault payments are overdue. Accordingly, Defendants will be well compensated for the delay with a *twenty-four percent* (24%) yearly return on the outstanding principle of their successful claims, an enviable rate of return which well militates against any perceived hardship. Thus, when weighed against the time and expense which Plaintiffs would need to expend in litigating each of the individual claims, and the concurrent risk to their declaratory judgment claim, the balance of equities tips decidedly and overwhelmingly in favor of Plaintiffs, particularly because it would be fundamentally unfair to Plaintiffs to allow Harvey FCPTA to seek No-fault payments from Plaintiffs in other proceedings, when the fundamental issue concerning their eligibility to be paid in the first place is at issue in this matter. Thus, it is respectfully submitted that balance of equities tips in Plaintiffs' favor and as such, their Motion should be granted.

## IV.    The Issuance of a Stay Would Not Violate the FAA

Lastly, Defendants attempt to convince this Court that (notwithstanding that it issued such an injunction just 10 months ago), it lacks the power to grant that portion of Plaintiffs' motion which seeks to enjoin Defendants from submitting No-fault claims to arbitration, or from staying already submitted claims. Defendants assert that "it is well settled that under the [Federal Arbitration Act], a district court cannot enjoin the arbitration of claims covered by a no-fault insurance agreement." Simply put, Defendants are wrong.

In the matter of *In re American Express*, the Second Circuit expressly provided that, in certain circumstances, a district court may stay arbitrations pursuant to the All Writs Act, 28 U.S. Code § 1651[4] and not run afoul of the FAA.  And, as noted in Plaintiffs Memorandum of Law, (p. 19, fn 7), the *Elzanaty* court, building on *In re American Express*, explicitly found that a district has the authority to issue a stay of pending and future No-fault arbitrations while a related federal

---

[4] The All Writs Act allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

action is pending. While Defendants cite to the singular matter *of Government Employees Ins. Co. v. Grand Med. Supply, Inc.*, No. 11 Civ. 5339, 2012 WL 2577577, \*7 for the proposition that a district court lacks the authority to enjoin arbitrations, it is noted the Court in *Grand Med. Supply, Inc.* never addressed its authority to do so in light of *In re American Express* and the All Writs Act. Unlike the court in *Grand Medical Supply, Inc.,* the *Elzanaty* court did, and came to the correct conclusion, as did this Court in *Tvildiani*.  As stated in  *Elzanaty*:

> "it would severely threaten any judgment of [the] Court to have pending arbitrations or future arbitrations result in inconsistent rulings with regard to [defendant medical providers'] eligibility for reimbursement of No-fault insurance payments…" If "the providers arbitration "rights are delayed, rather than effectively terminated, the Court believes that a stay is the most appropriate solution here in order to avoid the large volume of arbitrations and inconsistent judgments that are gradually culminating in a procedural and substantive train wreck…" "In the Court's view, this situation presents precisely the kind of circumstance envisioned by the Second Circuit when it left the express exception it did in *In re American Express. Elzanaty*, 929 F. Supp. 2d at 220.

The Defendants' Opposition fails to even address *In re American Express* or the All Writs Act, but that failure does not change the fact that the principals cited to therein are fatal to Defendants' argument.[5]

## **CONCLUSION**

For the reasons set forth herein, it is respectfully submitted that Plaintiffs' Motion pursuant to Rule 65 of the Federal Rules of Civil Procedure seeking a Preliminary Injunction and  Order temporarily staying all No-fault collection proceedings currently pending between Plaintiffs and

---

[5] Defendants again try to distinguish *Elzanaty* because the arbitrations at issue there were asserted as counterclaims, but that is a distinction without a difference. The need for the Court to issue a stay or arbitrations in the aid of their jurisdiction in a federal matter is not dependent or when during the course of that matter the stay is issued. It is sufficient that the risk of divergent arbitration decisions exists, as it did in *Elzanaty*, and does here. And notably, Defendants fail to address the fact that *Tvildiani* was in the exact procedural posture as this case when the Court issued its injunction.

Harvey FCPTA be granted, in its entirety.


Dated: New York, New York
       February 19, 2016


                              STERN & MONTANA, LLP

                              By:    /s/ Daniel S. Marvin
                                     Robert A. Stern, Esq. (RAS-1282)
                                     Sandra P. Burgos, Esq. (SB- 6856)
                                     Daniel S. Marvin, Esq. (DM-7106)
                                     Attorneys for Plaintiffs
                                     One World Financial Center
                                     30th Floor
                                     New York, New York 10281
                                     212-532-8100

10